IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMANDA ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-cv-51 |
| | § | RWS-JDL |
| DR. JOE DONALD HEATH, in his | § | |
| individual and official capacities, | § | |
| HANNAH HEARN, and | § | |
| NWPROPERTY MANAGEMENT, LLC | § | |
| d/b/a NWP MANAGEMENT, | § | |
| | § | |
| Defendants. | | |

## ORDER ADOPTING ORDER
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Report and Recommendation recommending that Defendant Dr. Joe Donald Heath's ("Defendant" or "Dr. Heath") Motion for summary judgment (Doc. No. 84) be denied. (Doc. No. 94.) Dr. Heath has filed objections to the Magistrate Judge's Order (Doc. No. 98), to which Plaintiff has filed a response (Doc. No. 100). The Court reviews *de novo* the portions of the Magistrate Judge's findings to which the Defendant has raised objections. 28 U.S.C. § 636 (b)(1).

Defendant raises only two general objections to the Magistrate Judge's Report and Recommendation: (1) that the Magistrate Judge misapprehended the quality of Plaintiff's speech in finding it to be protected; and (2) that the Magistrate Judge erred in denying summary judgment on qualified immunity. (Doc. No. 98, at 9, 10.)

As to the first objection, Defendant does not specifically object to any portion of the Magistrate Judge's Report and Recommendation and instead reasserts and argues the facts

Defendant contends are in the record. (Doc. No. 98, at 2–8.) Defendant cites to a recent Fifth Circuit case, *Anderson v. Valdez*, which Defendant acknowledges applies the threshold test set forth by the Supreme Court in *Garcetti*. (Doc. No. 98, at 7.) But as the Magistrate Judge noted in his Report and Recommendation, Defendant did not argue on summary judgment that the speech in question was made in furtherance of Plaintiff's official duties as a probation officer. (Doc. No. 94, at 7 n.1.) Moreover, the Magistrate Judge went on to explain that even if Defendant had met his burden on this argument, the record precludes summary judgment. *See id.* ("While Defendant has not met his burden on this issue—to the extent he even intended to proffer this argument—this responsive statement alone is insufficient to show that Ms. Allen was indeed speaking in furtherance of her official duties.") (citing *Lane v. Franks*, 134 S.Ct. 2369, 2378 (2014) ("identifying oneself as a public employee does not forfeit one's ability to claim First Amendment protections.")). Defendant appears to generally object that the Magistrate Judge should not have considered the entirety of Plaintiff's speech as protected; specifically, that the speech was no longer protected once Ms. Allen identified herself as a probation officer. (Doc. No. 98, at 9.) As explained above, the Magistrate Judge found that this identification did not *per se* remove the protections of the First Amendment and noted that the communications beyond that point are disputed in the record, precluding summary judgment. *See* Doc. No. 94, at 7 n.1 ("The remainder of what was communicated is materially disputed, precluding summary judgment." (citing Doc. No. 88-1, at ¶¶ 18–21; Doc. No. 89-6 "Termination Letter", at 1–2.))

  Defendant does not specifically object to the Magistrate Judge's determination that the speech was on a matter of public concern and also does not contest that the record was insufficiently developed for the Magistrate Judge to balance the government's interests against Plaintiff's interest in commenting on matters of public concern. The Court, having reviewed the

Magistrate Judge's thorough analysis, agrees with his findings and conclusion that Defendant had not met his burden on summary judgment such that precluding summary judgment on the record before the Court was appropriate. (Doc. No. 94, at 7–12.)

As to qualified immunity, Defendant only generically objects that the Magistrate Judge erred in his conclusion and reiterates that he did not violate Plaintiff's First Amendment rights. (Doc. No. 98, at 10–11.) However, as the Magistrate Judge concluded, and this Court agrees, there is an open question regarding whether Plaintiff will prevail on her First Amendment claim. (Doc. No. 94, at 7–12, 16–18.) The Court agrees with the Magistrate Judge that "because a factual dispute exists with respect to the reasonableness of Dr. Heath's actions … summary judgment as to qualified immunity inappropriate." *Id.* at 18. Moreover, the Magistrate Judge also found that summary judgment on qualified immunity as to Plaintiffs' Fourteenth Amendment claim was inappropriate. *Id.* at 18–19. Defendant does not object to the Magistrate Judge's denial of summary judgment on Plaintiffs' Fourteenth Amendment claim or to the denial of summary judgment on qualified immunity as to that claim. The Court, having reviewed the Magistrate Judge's Report and Recommendation, agrees with these findings and conclusions.

Therefore, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the Order of this Court. All objections are **OVERRULED**. Defendant's Motion for summary judgment (Doc. No. 84) is **DENIED**. In view of this ruling, Defendant's motion to continue (Doc. No. 91) is **DENIED** as moot. The parties are **ORDERED** to mediate within 30 days of the issuance of this Order.

**So ORDERED and SIGNED this 3rd day of January, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE